```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
KHALID AWAN,

                    Plaintiff,           MEMORANDUM AND ORDER
                                         09-CV-1653 (JS)(AKT)
         -against-

JOHN ASHCROFT, ET AL.,

                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiffs:       Khalid Awan, pro se
                      Prisoner No. 50959-54
                      FCI/CMU Marion
                      PO Box 1000
                      Marion, IL 62959
For Defendants:

Government Defendants Scott R. Landau, Esq.
                      United States Attorneys Office
                      Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, NY 11201

Fairfield Gardens     Michael Cardello, III, Esq.
                      Moritt, Hock, Hamroff & Horowitz, LLP
                      400 Garden City Plaza, Suite 202
                      Garden City, NY 11530
```

SEYBERT, District Judge:

On March 6, 2009, Khalin Awan, pro se, a frequent filer in this Court, commenced this action alleging various civil rights violations in connection with his 2001 arrest and successful prosecution. On September 17, 2009, Mr. Awan filed an Amended Complaint. For reasons that are not entirely clear, the Court neglected to docket Mr. Awan's Amended Complaint for several weeks. In the meantime, the Court received two motions

to dismiss, one filed by Fairfield Port Jeff Gardens LLC (hereafter, "Fairfield," but incorrectly named as "Fairfield Gardens Management Co." in the Complaint and Amended Complaint), and the other filed by the remaining defendants, who are all current and former employees of the FBI or the U.S. Department of Justice (hereafter, "Government Defendants"). On December 23, 2009, the Government Defendants wrote the Court to ask the Court to consider their motion to dismiss as being against the Amended Complaint, noting that the two Complaints appear to be substantively indistinguishable. Fairfield has not formally sought this relief. However, the Court, in the interests of justice and in light of both the two Complaints' substantive similarities, has decided to also construe Fairfield's motion as being against the Amended Complaint.

In response to the Defendants' motions, Mr. Awan has sought leave to file a Second Amended Complaint that, among other things, drops Fairfield as a defendant but adds several new defendants and claims. It is unclear from Mr. Awan's pleadings whether he opposes the Defendants' motions to dismiss the Amended Complaint.

For the foregoing reasons, the Court: (1) GRANTS Fairfield's motion to dismiss (Docket No. 22); (2) GRANTS the Governments' motion to dismiss (Docket No. 38), (3) DENIES Mr.

2

Awan's motion for leave to file a Second Amended Complaint (Docket No. 55); and (4) DENIES all other pending motions (Docket Nos. 34, 36, 37, 43, 48) as MOOT.

DISCUSSION

I. Fairfield's Motion to Dismis

Fairfield premises its motion on the grounds that it did not own or operate the subject property during the relevant time period, and has supplied a sales contract and title deed documenting their position. (Docket No. 22). In response, Mr. Awan has demanded a "Certified Copy" of the sales contract and title deed but added that, if this "Certified Copy" supports Fairfield's position, he does not oppose Fairfield's motion to dismiss. In reply, Fairfield sets forth that it has supplied copies of the original relevant documents and an affidavit attesting to their validity. Thus, Fairfield contends, there is no need for additional "verification."

As an initial matter, the Court notes that Fairfield's motion is procedurally defective. Fairfield's motion indisputably relies on documents outside the pleadings. But Fairfield, in filing this motion, did not comply with Local Rule 12.1, which requires that pro se litigants, such as Mr. Awan, be afforded notice that the Court might construe Fairfield's motion as one for summary judgment. In light of Fairfield's failure to

3

comply with Local Rule 12.1, the Court cannot in good conscience consider Fairfield's motion as one for summary judgment. See generally Smalls v. Jummonte, 08-CV-4637, 2010 WL 3291587, at *3 (S.D.N.Y. Aug. 13, 2010).

The question thus turns to whether the Court can consider the documents Fairfield has submitted in the context of a motion to dismiss. The Court finds that it can. On a motion to dismiss, courts may take judicial notice of public records, such as properly recorded deeds. See Contempo Acquisition, LLC v. U.S. Dept. of Housing and Urban Development, 06-CV-3654, 2007 WL 3254916, at *2 (S.D.N.Y. 2007); see also Tardd v. Brookhaven Nat. Laboratory, 407 F. Supp. 2d 404, 418 (E.D.N.Y. 2006) (recognizing that courts could take judicial notice of deed, but declining to do so). Here, Fairfield has submitted a deed demonstrating that it acquired the property in 2005 from Port Jefferson Realty LLC, and that Port Jefferson Realty, in turn, had acquired the property by deed dated December 12, 1998 and recorded January 28, 1999. See Broxmeyer Aff. Ex. C. It follows then that the Court can take judicial notice that Port Jefferson Realty, and not Fairfield, owned the property during the relevant time period. So Fairfield could not have engaged in the conduct the Amended Complaint alleges. Consequently, Fairfield's motion to dismiss is GRANTED.

II. The Government Defendants' Motion to Dismiss

The Government Defendants have also moved to dismiss. The Government Defendants argue that Mr. Awan's claims fail on numerous grounds, including timeliness, the inability to hold federal officials liable under respondeat superior, and Mr. Awan's failure to plead enough facts to facts to state a claim for constitutional violations.

The Court does not reach most of the Government's arguments, because it agrees with the Government that Mr. Awan's Complaint, in its entirety, is time-barred.

Mr. Awan's First, Second, and Third Causes of Action assert claims against the Government Defendants for violations of his constitutional rights (i.e., "Bivens claims"). In New York, however, Bivens claims are subject to a three year limitations period. See Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999); see generally Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("A Bivens action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights"). And the limitations period begins to run when the victim knew of the alleged constitutional violations. See Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).

Here, the events that form the basis of Mr. Awan's alleged constitutional claims occurred on or before November 6, 2001.[1] And Mr. Awan indisputably learned the alleged violations at that time (i.e., the search of his home, seizure of his property, coercive questioning, and unlawful imprisonment). It is irrelevant that Mr. Awan argues did not obtain "pro[of]" of his claims until 2008. See Amend. Compl. ¶ 23. After all, he knew of the alleged violations, and could have commenced suit in a timely fashion and obtained the "proof" he needed through discovery. More to the point, "federal policy" precludes allowing a Bivens plaintiff to "marshal his evidence while waiting for the memories of the potential defendant and his witnesses to fade and for [government] records to be routinely destroyed." Hawthorne v. Wells, 761 F.2d 1514, 1517 (11th Cir. 1985) (internal citations and quotations omitted). So Mr. Awan's First, Second, and Third Causes of Action are all time-barred.

Mr. Awan's remaining causes of action against the Government Defendants allege common law torts. Because they are alleged against individuals, not the United States, they are improper under the Federal Tort Claims Act ("FTCA"). See 28

---

[1] Mr. Awan does allege, in wholly conclusory fashion, that violations occurred "on or after 6 November 2001," but provides no facts to support violations that occurred "after" that date. Amend. Compl. ¶ 28.

6

U.S.C. § 2679(a); <u>Williams v. Metropolitan Detention Center</u>, 418 F. Supp. 2d 96, 102 (E.D.N.Y. 2005) (FTCA authorizes suit only against the United States, and not its employees). But, even if construed as being pled against the United States, these claims are also time-barred. Mr. Awan's tort claims, like his <u>Bivens</u> claims, arise from events that took place in 2001. And the FTCA provides for only a two-year limitations period. 28 U.S.C. § 2401(b). So, just as Mr. Awan's <u>Bivens</u> claims are time-barred, his tort claims are also untimely.

It follows then that Mr. Awan's remaining claims against the Government Defendants must be dismissed. And, because the Court has already dismissed the claims against Fairfield, this means that Mr. Awan's Amended Complaint must be dismissed in its entirety.

II. <u>Mr. Awan's Motion to Amend</u>

Mr. Awan has also moved for leave to file a Second Amended Complaint. Mr. Awan's proposed Second Amended Complaint contains 67 pages, 188 paragraphs, and 20 causes of action. Among other things, the proposed Second Amended Complaint: (1) drops Fairfield as a Defendant and substitutes the property's actual owner, Port Jefferson Realty; (2) goes into significantly greater detail concerning his allegations against the Government

Defendants; and (3) contains numerous new allegations against his former attorney, Stephen J. Frankel.

Generally, leave to amend should be freely granted. Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002). However, the Court may deny leave to amend "when there is a good reason to do so, such as futility, bad faith, or undue delay." Id. Here, the Court finds that amendment would be futile, because Mr. Awan's proposed claims are all time-barred or otherwise do not state cognizable causes of action.

Like his Amended Complaint, Mr. Awan's Second Amended Complaint principally concerns conduct that took place in 2001, though he adds some new allegations concerning subsequent criminal proceedings in 2003, 2004, and January-February 2006. See, e.g., Second Amend. Compl. ¶¶ 106, 120, 135, 139-141. But Mr. Awan did not commence this action until January 20, 2009, at the latest. See Compl. ¶ 19. So his Bivens claims predating January 20, 2006, and his FTCA claims predating January 20, 2007 are time-barred. And Mr. Awan's remaining claims against the Government Defendants, even if not time-barred, relate to his criminal conviction in 06-CR-0154, for providing material support and resources to a terrorist organization. That conviction remains valid, and cannot be collaterally attacked though a non-habeas civil suit. See Heck v. Humphrey, 512 U.S.

8

477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

Mr. Awan's claims against Port Jefferson Realty and Mr. Frankel fair no better. Mr. Awan's claims against Port Jefferson stem from conduct that allegedly took place in 2001, while his claims against Mr. Frankel date from 2003 and 2004. Thus, under nearly every theory pled, Mr. Awan's claims are time-barred.[2]

The only claims that are not obviously time-barred are Mr. Awan's contract and fraud claims against Mr. Frankel. But

---

[2] See, e.g., Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994) (three year limitations period for 42 U.S.C. §§ 1983, 1985 claims); 42 U.S.C.A. § 1986 (one year limitations period for § 1986 claims); Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (three year limitations period under 42 U.S.C. § 1981); Board of Managers of Chelsea 19 Condominium v. Chelsea 19 Associates, 905 N.Y.S.2d 8, 11 (1st Dep't 2010) (three year limitations period for conversion); Monaghan v. Ford Motor Co., 897 N.Y.S.2d 482, 484 (2d Dep't 2010) (three year limitations period for breach of fiduciary duty claims seeking money damages); Lincoln Place, LLC v. RVP Consulting, Inc., 70 A.D.3d 594, 594-595, 896 N.Y.S.2d 47, 48 (1st Dep't 2010) (three year limitations period for legal malpractice); Pike v. New York Life Ins. Co., 901 N.Y.S.2d 76, 81 (2d Dep't 2010) (N.Y. GEN. BUS. § 349 claims subject to three year limitations period); Schrank v. Lederman, 52 A.D.3d 494, 496, 860 N.Y.S.2d 556, 559 (2d Dep't 2008) (three year limitations period for negligent hiring); Eves v. Ray, 42 A.D.3d 481, 482, 840 N.Y.S.2d 105, 106 (2d Dep't 2007) (one year limitations period for intentional infliction of emotional distress); Jorgensen v. Silverman, 224 A.D.2d 665, 666, 638 N.Y.S.2d 482, 483 (2d Dep't 1996) (three year legal malpractice limitations period applies to violations of the N.Y. Judiciary Law).

these claims also do not survive. To the extent Mr. Awan premises his fraud claim on Mr. Frankel's allegedly poor representation of him, that claim is barred as being duplicative of Mr. Awan's time-barred malpractice cause of action. See Financial Services Vehicle Trust v. Saad, 900 N.Y.S.2d 353, 354 (2d Dep't 2010). And Mr. Awan's remaining state law fraud and contract claims concern a matter $14,400 or, at most, $34,000 (including Mr. Frankel's legal fees). Second Amend. Compl. ¶¶ 89, 90, 101, 106, 107, 108, 116, 120. So these causes of action do not satisfy the $75,000 amount-in-controversy requirement necessary to plead diversity jurisdiction. 28 U.S.C. § 1332(a). And, at this early stage, the Court declines to exercise supplemental jurisdiction over these state law claims, in the absence of any federal causes of action. See Valencia v. Lee, 316 F.3d 299 (2d Cir. 2003).

It follows then that Mr. Awan's proposed Second Amended Complaint is futile, in its entirety.

CONCLUSION

Fairfield's motion to dismiss (Docket No. 22) is GRANTED. The Government Defendants' motion to dismiss (Docket No. 38) is GRANTED. Mr. Awan's motion for leave to file a Second Amended Complaint (Docket No. 55) is DENIED. All other pending motions (Docket Nos. 34, 36, 37, 43, 48) are DENIED AS

MOOT. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT

Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         September  28 , 2010